UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DESSIE MITCHESON, JAIME EDMONDSON LONGORIA, and JESSE GOLDEN, as assignees of COUNTRY CLUB, INC., <br><br> and <br><br> CIELO JEAN GIBSON and JESSICA HINTON, as assignees of NEPAL, INC., <br><br> *Plaintiffs*, <br><br> - against - <br><br> CLEAR BLUE SPECIALTY INSURANCE COMPANY, <br><br> *Defendant*. | Case No. 4:24−cv−07255-JD <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

Plaintiffs DESSIE MITCHESON, JAIME EDMONDSON LONGORIA, and JESSE GOLDEN, as assignees of COUNTRY CLUB, INC. and CIELO JEAN GIBSON and JESSICA HINTON, as assignees of NEPAL, INC. (collectively, "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against defendant CLEAR BLUE SPECIALTY INSURANCE COMPANY ("Defendant" or "Clear Blue"), respectfully allege as follows:

## INTRODUCTION

1.      This is an action for breach of two insurance contracts, for declaratory relief, and to collect on a judgment entered in an action filed in this Court.

2.      Plaintiffs are five (5) well-known professional models who initiated two lawsuits in this Court: *Geiger, et al. v. Country Club, Inc.*, Case No. 21-cv-3521-JD (the "Country Club Action") and *Gibson, et al. v. Nepal, Inc.*, Case No. 22-cv-02369-TMC (the "Nepal Action") (collectively, the "Underlying Actions").

- 2 -

3.  The Country Club Action was based on allegations that each Plaintiff's image had appeared in advertisements of Masters Gentlemen's Club, in Myrtle Beach, South Carolina and the Nepal Action was based on allegations each Plaintiff's image had appeared in advertisements for Club Lust, a strip club in Greenville, South Carolina.

4.  Each set of Plaintiffs alleged that those appearances occurred without any Plaintiff's consent and that such appearances created the false impression with consumers that each Plaintiffs were strippers at either Masters or Club Lust, promoted or endorsed same, or was otherwise associated or affiliated with same.

5.  During times relevant to both Underlying Actions, Country Club, Inc. ("Country Club") and Nepal, Inc. ("Nepal") were each insured by defendant Clear Blue.

6.  Upon receiving the Underlying Action, both Country Club and Nepal tendered their defense to Clear Blue and also sought indemnity from Clear Blue.

7.  Clear Blue denied both Country Club's and Nepal's request for a defense and indemnification.

8.  Following significant litigation, a judgment was entered in favor of the Plaintiffs and against Country Club in the amount of two hundred and sixty thousand dollars ($260,000) (the "Country Club Judgment").

9.  In connection with this judgment, Country Club assigned all claims it had against Clear Blue to Plaintiffs.

10. In connection with the settlement of the Nepal Action, Nepal also assigned its claims against Clear Blue to Plaintiffs.

11. Plaintiffs now bring this direct action against Clear Blue seeking compensation for the costs and expenses incurred in the Underlying Actions; a declaration Clear Blue owes

Country Club and Nepal defense and indemnity under the operative insurance policies; the full amount of the Country Club Judgment; all attorneys' fees, costs and disbursements associated with the Underlying Actions; and all accruing post-judgment interest on the Country Club Judgment, as set forth in more detail below.

## JURISDICTION & VENUE

12. This action seeks relief by reason of Clear Blue's failure and refusal to defend and indemnify Country Club in the Underlying Action.

13. This Court has general personal jurisdiction over Clear Blue because Clear Blue conducts extensive business in the State of South Carolina.

14. This Court possesses specific personal jurisdiction over Clear Blue because both Country Club's and Nepal's insurance policy with Clear Blue were entered into in South Carolina, and the transactions complained of herein between Country Club and Clear Blue, and between Nepal and Clear Blue, took place in South Carolina.

15. This Court has subject matter jurisdiction in this action through diversity of the parties under 28 U.S.C. § 1332. The sum in controversy exceeds $75,000, exclusive of interest and costs.

## PARTIES

16. Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States (though none reside in South Carolina) and whose images were used in advertising by Country Club or Nepal in South Carolina.

17. These misappropriated images were published by Country Club or Nepal on their websites and/or social media pages which were published in, *inter alia*, South Carolina and available to South Carolina consumers.

- 4 -

18. Plaintiff DESSIE MITCHESON is a well-known professional model and a resident of Orange County, California.

19. Plaintiff JAIME EDMONDSON LONGORIA is a well-known professional model and a resident of Maricopa County, Arizona.

20. Plaintiff JESSE GOLDEN is a well-known professional model and a resident of Los Angeles County, California.

21. Plaintiff CIELO JEAN GIBSON is a well-known professional model and a resident of Los Angeles County, California.

22. Plaintiff JESSICA HINTON is a well-known professional model and a resident of Los Angeles County, California.

23. Upon information and belief, defendant CLEAR BLUE is a corporation formed and operating under the laws of the state of North Carolina, is authorized to do business in the State of Connecticut and is doing business in the State of South Carolina.

## FACTUAL ALLEGATIONS

24. In 2019, Country Club secured and maintained a policy of commercial general liability insurance (the "Country Club Policy") from Clear Blue.

25. Clear Blue issued the Country Club Policy, identified as Policy No. AE04-0000100000-00 on June 17, 2019, and thereafter renewed it as Policy No. AE04-000010000-01, through June 17, 2021.

26. The policy premium on the Country Club Policy was a substantial sum of money, which was paid by Country Club.

27. Country Club has met every condition required in the Country Club Policy. As a result, said policy remained in full force and effect with respect to Country Club during periods of

time relevant to this action.

28.  In 2017, Nepal secured and maintained a policy of commercial general liability (the "Nepal Policy") from Clear Blue.

29.  Clear Blue issued the Nepal Policy, identified as Policy No. AE05-00000237-00 on August 28, 2017, and thereafter renewed it three times under Policy Nos. AE05-00000607-00, AE05-00000607-01, AE05-00000607-02, and AE05-00000607-03.

30.  The policy premium on the Nepal Policy was a substantial sum of money, which was paid by Nepal.

31.  Nepal has met every condition required in the Nepal Policy. As a result, said policy remained in full force and effect with respect to Nepal during periods of time relevant to this action.

32.  Both the Country Club and Nepal Policies (collectively, "the Policies") include coverage for "Personal and Advertising Injury" among its terms.

33.  Pursuant to the terms of the Policies, the definition of "Personal and Advertising Injury" includes, in part, injury arising out of "(d) Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;"

34.  Pursuant to the terms of the Policies, the definition of "Personal and Advertising Injury" includes, in part, "(e) Oral or written publication, in any manner, of material that violates a person's right of privacy."

35.  Pursuant to the terms of the Policy, the definition of "Personal and Advertising Injury" includes, in part, "(f) The use of another's advertising idea in your 'advertisement.'"

36.  Pursuant to the Policies, the definition of "Advertisement" means a:

> [N]otice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting

customers or supporters. For the purposes of this definition:

    a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

37. None of the exclusions stated in the Policies preclude Clear Blue from being obligated to provide a defense and coverage to either the Country Club or Nepal Actions.

***The Country Club Action***

38. In or around 2021, Mitcheson, Longoria, and Golden commenced the Country Club Action by filing a complaint against Country Club.

39. All of the claims alleged by the Plaintiffs against Country Club are based on factual allegations that pertain to Country Club's advertising activities and advertisements.

40. Following the Plaintiffs filing of the Complaint against Country Club, which asserted several claims covered by the Policy, Country Club tendered the Complaint to its insurance carrier, Clear Blue.

41. The claim was tendered by Country Club to Clear Blue, and Country Club provided Clear Blue with timely notice of the Country Club Action.

42. Clear Blue denied defense and coverage to Country Club in a denial letter (the "Country Club Denial Letter") on the grounds that the Country Club Action fell within several of the listed exclusions in the Country Club Policy.

43. Clear Blue's conclusion that the factual allegations in the Country Club Action are subject to exclusion from "personal and advertising injury" is arbitrary and contrary to the facts of the complaint in the Underlying Action and well-settled law.

44. Clear Blue's denial of a defense to Country Club is without merit.

- 7 -

45. Plaintiffs specifically asserted a demand for monetary damages as a direct consequence of Country Club advertising activities that fall within covered offenses listed in the Country Club Policy.

46. Plaintiffs' allegations against Country Club clearly trigger coverage within the provisions of the Country Club Policy.

47. Such allegations relate directly to the alleged disparagement of, and violation of the right of privacy of, the Plaintiffs in Country Club advertisements and in connection with Country Club advertising and marketing activities which the Plaintiffs allege took place on Country Club website and social media accounts.

48. Such allegations and others by the Plaintiffs in the Country Club Action triggered Clear Blue's duty to defend and duty to indemnify Country Club.

49. Considering Clear Blue's failure, in breach of their agreement with Country Club, to defend the Country Club Action, in or around December 2023, Country Club entered into a consent judgment with Plaintiffs in the amount of $260,000.

50. This amount was based on what a jury might reasonably award the Plaintiffs, including the amount of attorneys' fees and costs a Court may reasonably award the Country Club Plaintiffs.

51. Country Club thereafter assigned all of its rights under the Country Club Policy to the Plaintiffs.

***The Nepal Action***

52. In or around 2022, Gibson and Hinton commenced the Nepal Action by filing a complaint against Nepal

53. All of the claims alleged by the Plaintiffs against Nepal are based on factual

- 8 -

allegations that pertain to Nepal's advertising activities and advertisements.

54. Following the Plaintiffs filing of the Complaint against Nepal, which asserted several claims covered by the Policy, Nepal tendered the Complaint to its insurance carrier, Clear Blue.

55. The claim was tendered by Nepal to Clear Blue, and Nepal provided Clear Blue with timely notice of the Nepal Action.

56. Clear Blue denied defense and coverage to Nepal in a denial letter (the "Nepal Denial Letter") on the grounds that the Nepal Action fell within several of the listed exclusions in the Nepal Policy.

57. Clear Blue's conclusion that the factual allegations in the Nepal Action are subject to exclusion from "personal and advertising injury" is arbitrary and contrary to the facts of the complaint in the Nepal Action and well-settled law.

58. Clear Blue's denial of a defense to Nepal is without merit.

59. Plaintiffs specifically asserted a demand for monetary damages as a direct consequence of Nepal advertising activities that fall within covered offenses listed in the Nepal Policy.

60. Plaintiffs' allegations against Nepal clearly trigger coverage within the provisions of the Nepal Policy.

61. Such allegations relate directly to the alleged disparagement of, and violation of the right of privacy of, the Plaintiffs in Nepal advertisements and in connection with Nepal advertising and marketing activities which the Plaintiffs allege took place on Nepal website and social media accounts.

62. Such allegations and others by the Plaintiffs in the Nepal Action triggered Clear

Blue's duty to defend and duty to indemnify Nepal

63. Considering Clear Blue's failure, in breach of their agreement with Nepal to defend the Nepal Action, in or around December 2023, Nepal entered into a settlement agreement with Plaintiffs whereby Nepal assigned all of its rights under the Nepal Policy to the Plaintiffs.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

64. Plaintiffs repeat and incorporate by reference all allegations heretofore set forth herein.

65. Pursuant to the terms of the Policies, Clear Blue was obligated to defend and indemnify Country Club and Nepal in the Underlying Actions.

66. One or more claim asserted in the Underlying Actions constitutes "Advertising Injury" under the definition of "Personal and Advertising Injury" contained in the Policies.

67. Country Club and Nepal each made a proper demand for coverage, defense, and compensation.

68. Country Club and Nepal each submitted timely notice to Clear Blue.

69. Clear Blue improperly refused to cover, defend and compensate Country Club and Nepal in connection with the Underlying Actions

70. As a result, Clear Blue has breached the terms of the Policies with Country Club and Nepal.

**SECOND CAUSE OF ACTION**
(Declaratory Judgment)

71. Plaintiffs repeat and incorporate by reference all allegations heretofore set forth herein.

72. An actual controversy arose between Country Club and Clear Blue, on the one

hand, and Nepal an Clear Blue, on the other, concerning whether Clear Blue had to defend and has a duty to indemnify Country Club and Nepal in the Underlying Actions as described herein.

73. By virtue of the foregoing, Plaintiffs seek a judicial determination concerning this issue.

74. A judicial determination is necessary and appropriate at this time so that the parties may proceed in accordance with their respective obligations and rights as determined by the Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Clear Blue as follows:

A. With respect to Count I, for damages in an amount to be proven at trial;

B. With respect to Count II, for a judgment declaring that Clear Blue has an obligation to defend and indemnify Country Club and Nepal in the Underlying Actions;

C. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 12 day of December, 2024.

/s/ Joshua E. Slavin

| | |
|---|---|
| John V. Golaszewski* | Joshua E. Slavin |
| New York Bar No. 4121091 | The Law Offices of Joshua E. Slavin |
| *Pro Hac Vice Application Pending* | PO Box 762 |
| **THE CASAS LAW FIRM, P.C.** | Mount Pleasant, SC 29465 |
| 1740 Broadway, 15th Floor | P: 843-619-7338 |
| New York, New York 10019 | F: 888-246-8914 |
| (646) 872-3178 | josh@attorneycarolina.com |
| john@casaslawfirm.com | Fed. Bar No. 12602 |

Attorneys for Plaintiffs