THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dessie Mitcheson, Jamie Edmondson Longoria, and JESSE GOLDEN, as assignees of Country Club, Inc., <br><br>and<br><br>Cielo Jean Gibson and Jessica Hinton, as assignees of Nepal, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Clear Blue Specialty Insurance Company,<br><br>Defendant. | Case No. 4:24-cv-07255-JD<br><br>ORDER |

This is an insurance coverage case. Defendant, Clear Blue Specialty Insurance Company ("Clear Blue") moves under Rule 21 of the Federal Rules of Civil Procedure to sever Plaintiffs Dessie Mitcheson, Jamie Edmondson Longoria, and Jesse Golden, as assignees of Country Club Inc.'s ("Country Club assignees") claims from the claims asserted by Plaintiffs Cielo Jean Gibson and Jessica Hinton, as assignees of Nepal, Inc. ("Nepal assignees") (collectively "Plaintiffs") so that the Country Club and Nepal assignees' claims can proceed separately. (DE 9.) Plaintiffs have responded in opposition (DE 13).

After reviewing the pleadings, motions, and memoranda submitted, the Court denies Clear Blue's Motion to Sever (DE 9).

1

## I. BACKGROUND

This matter arises from an insurance coverage dispute involving two distinct sets of plaintiffs who seek declaratory and monetary relief against Clear Blue following Clear Blue's denial of coverage in two underlying lawsuits. Plaintiffs are five professional models who initiated two actions in this District—*Geiger, et al. v. Country Club, Inc.*, No. 4:21-cv-03521-JD ("Country Club Action"), and *Gibson, et al. v. Nepal, Inc.*, No. 6:22-cv-02369-TMC ("Nepal Action")—alleging misappropriation and unauthorized use of their images in advertising by the defendant establishments, which are gentlemen's clubs located in Myrtle Beach and Greenville, South Carolina, respectively. (DE 1 ¶ 2; DE 9 at 1–2; DE 13 at 1–2.)

Country Club, Inc. ("Country Club") and Nepal, Inc. ("Nepal") were insured under separate commercial general liability policies issued by Clear Blue, each containing substantively identical "Personal and Advertising Injury" coverage. (DE 1 ¶¶ 25, 29, 32–35; DE 9 at 3–5; DE 13 at 2–3.) After the suits were filed in each underlying matter, the insureds tendered the claims to Clear Blue. Clear Blue denied coverage and declined to defend or indemnify in each case based on substantively identical denial letters issued by the same claims administrator (Ann Jongema of Fortis Risk Solutions), citing the same eight policy exclusions. (DE 1 ¶¶ 5–6, 42, 56; DE 13 at 2–3 & Exs. A, B; DE 9 at 3–5.)

Following a judgment for Plaintiffs in the Country Club Action and a settlement in the Nepal Action, the insureds assigned their rights under the Clear Blue policies to Plaintiffs in this action. (DE 1 ¶¶ 8–10, 49, 63; DE 9 at 3–5.)

Clear Blue now moves to sever the claims of the assignees of Country Club from those of the assignees of Nepal pursuant to Federal Rule of Civil Procedure 21. It argues that the claims do not arise out of the same transaction or occurrence and do not present common questions of law or fact, as required for permissive joinder under Rule 20(a). (DE 9 at 2, 5–11.) Plaintiffs oppose the motion, arguing that the factual and legal issues in both actions are identical and that the resolution of both claims will turn on the applicability of the same exclusions in substantively identical insurance policies. (DE 13 at 4–8.)

## II.     LEGAL STANDARD

Rule 20 governs permissive joinder of parties and provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a)(1), Fed. R. Civ. P. "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, n.5 (4th Cir. 2007). Additionally, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Rule 21 provides that a court may "sever any claim against a party." Rule 21, Fed. R. Civ. P. "Under Rule 21, 'a court has virtually unfettered discretion in determining whether or not severance is appropriate.'" *Grayson Consulting, Inc. v.*

3

*Cathcart*, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (quoting *17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005)). The court should consider these factors in determining whether severance is proper: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed[]" ("Severance Factors"). *Grayson*, 2014 WL 1512029, at *2 (quoting *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007)).

### III.  DISCUSSION

The Court finds that joinder of the Country Club Plaintiffs and Nepal Plaintiffs is proper under Rule 20(a) and that severance under Rule 21 is unwarranted. The claims at issue arise out of a series of logically related transactions and share common legal and factual questions. Moreover, judicial economy and fairness to the parties support joint adjudication of these claims.

First, both sets of Plaintiffs assert rights to relief under substantively identical commercial general liability insurance policies issued by Clear Blue. (DE 1 ¶¶ 25, 29, 32–35.) Each insured—Country Club, Inc. and Nepal, Inc.—was sued in this Court in separate but nearly identical underlying lawsuits alleging unauthorized use of Plaintiffs' images in advertising. (*Id.* ¶¶ 1–2.) Upon receiving notice of the suits, both insureds tendered their claims to Clear Blue, which denied coverage based on

4

materially identical denial letters issued by the same claims administrator and citing the same eight policy exclusions. (DE 13 at 2–3; Exs. A & B.)

Given these shared facts, the claims asserted by both groups of Plaintiffs arise from a common series of transactions and raise identical legal questions: namely, whether Clear Blue's uniform exclusions relieve it of the duty to defend and indemnify its insureds in lawsuits arising from alleged advertising injury. The relevant policy language is the same, the legal framework governing interpretation is uniform under South Carolina law, and Clear Blue's coverage determinations rested on the four corners of the underlying complaints. *See Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 572 (D.S.C. 2006) ("[A]n insurer's duty to defend is determined by the allegations of the underlying complaint.").

Clear Blue's argument that the claims require distinct factual analyses is unpersuasive. It has identified no material differences between the underlying lawsuits or its coverage determinations, nor does the record reflect any. On the contrary, the record confirms that Clear Blue treated the claims as functionally equivalent for purposes of issuing its denials. The Court, therefore, finds a logical relationship between the claims sufficient to satisfy Rule 20's "same transaction or occurrence" requirement. *See Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (logical relationship between claims supports joinder); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983).

The Court is also satisfied that a common question of law or fact will arise in the action, as both sets of Plaintiffs challenge the applicability of the same policy

5

exclusions to substantively identical allegations of advertising injury. *See Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (joinder promotes trial convenience and avoids duplicative litigation).

Turning to the Severance Factors, the Court concludes that each weighs against severance. The issues presented by the Country Club and Nepal Plaintiffs are not significantly different from one another. Both sets of claims turn on the interpretation and application of identical policy exclusions to substantively similar allegations of advertising injury. There is no meaningful divergence in the legal analysis required, as the policies and denial rationales are materially indistinguishable.

Additionally, the anticipated witnesses and documentary evidence are expected to overlap substantially. The denial letters both times were issued by the same claims administrator, and Plaintiffs represent that only one deposition is likely to be necessary, with limited and duplicative claim file materials to be reviewed. Severance would, therefore, increase the burden on all parties by requiring two parallel tracks of discovery and adjudication.

Plaintiffs would also face clear prejudice if the claims were severed, as doing so would result in duplicative proceedings, greater litigation costs, and the potential for inconsistent rulings on identical legal questions. In contrast, Clear Blue has not shown that it would suffer any prejudice if the claims proceed jointly. The argument that a jury might be confused lacks merit where the relevant policy language and

exclusions are the same and where the underlying coverage denials rest on uniform reasoning.

In sum, the Court finds that the Severance Factors support maintaining joinder here. Severance would undermine judicial economy and impose unnecessary burdens without providing any corresponding benefit in terms of fairness or clarity.

The Court also notes that Clear Blue's reliance on *Lopez v. Clear Blue Specialty Ins. Co.*, 2024 WL 4692287 (D. Conn. Nov. 6, 2024), is misplaced. There, the Court dismissed claims involving Country Club and another insured on personal jurisdiction and venue grounds—not on the basis of misjoinder. The *Lopez* court did not reach the merits of a Rule 20 or Rule 21 analysis, and its reasoning does not support severance, where jurisdiction and venue are proper and joinder is supported by the structure and content of the claims.

## IV.     CONCLUSION

For these reasons, Defendant Clear Blue Specialty Insurance Company's Motion to Sever Plaintiffs Dessie Mitcheson, Jamie Edmondson Longoria, and Jesse Golden, as assignees of Country Club Inc., from the claims asserted by Plaintiffs Cielo Jean Gibson and Jessica Hinton, as assignees of Nepal, Inc. (DE 9) is DENIED.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 18, 2025